UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SHAYANNA MARIE GRENZ, | \* | CIV. 18-4161 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| vs. | \* | |
| | \* | **COMPLAINT AND** |
| CHARLES DONALD HARMING | \* | **DEMAND FOR JURY TRIAL** |
| and INTERSTATE | \* | |
| TELECOMMUNICATIONS | \* | |
| COOPERATIVE, INC., | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff ShayAnna Grenz, by and through her counsel, and for her complaint against

Defendants, states and alleges as follows:

## NATURE OF ACTION

1.      This is an action for personal injuries and damages suffered by Plaintiff

ShayAnna Grenz arising out of a motor vehicle accident between Ms. Grenz and Charles

Harming on March 13, 2017, in Lake Benton Township, Minnesota.  The motor vehicle accident

was caused by the negligence of Defendant Harming.  Defendant Harming was acting within the

course and scope of his employment with Interstate Telecommunications Cooperative, Inc., at

the time of the accident.

## PARTIES

2.      Plaintiff ShayAnna Grenz is a resident of Lincoln County, Minnesota, and a

citizen of the State of Minnesota.

1

3.      Defendant Charles Donald Harming is a resident of Elkton, Brookings County, South Dakota, and a citizen of the State of South Dakota.

4.      Defendant Interstate Telecommunications Cooperative, Inc., is a South Dakota corporation with its principal place of business in Clear Lake, Deuel County, South Dakota.

## VENUE AND JURISDICTION

5.      Jurisdiction is proper with this court pursuant to 28 U.S.C. § 1332 based upon diversity of the parties.  The amount in controversy exceeds the sum of $75,000.00.

6.      Venue is proper with this court pursuant to 28 U.S.C. § 1391(b)(1) as the Defendants are residents of the State of South Dakota.

## FACTS

7.      On March 13, 2017, Grenz was traveling southbound on US Highway 75 in Lincoln County, Minnesota.

8.      At that same time, Defendant Harming was traveling westbound on County Road 9 in Lincoln County, Minnesota.

9.      At the intersection of US Highway 75 and County Road 9, there was a stop sign for westbound drivers which provided the right-of-way for cars traveling on US Highway 75.

10.     As Grenz approached the intersection of US Highway 75 and County Road 9, Defendant Harming negligently failed to yield the right-of-way to Grenz and entered the intersection of US Highway 75 and County Road 9 directly in front of Grenz as she was traveling southbound through the intersection.

11.     As a result of the negligence of Defendant Harming, the vehicle driven by Grenz collided with the vehicle driven by Defendant Harming.

## NEGLIGENCE

12.     The collision was caused by the carelessness and negligence of Defendant

Harming including, but not limited to, the following acts and omissions.  1) failing to yield the

right-of-way to Grenz; 2) failing to properly stop at the stop sign which controlled the

intersection of US Highway 75 and County Road 9; 3) carelessly and negligently failing to keep

his automobile under control at all times; 4) carelessly and negligently operating, maintaining

and controlling his motor vehicle without keeping a sufficient lookout for other vehicles on the

roadway; and 5) otherwise operating a motor vehicle in a careless and negligent manner.

13.     As a direct, proximate and legal result of the negligent acts and omissions of

Defendant Harming in causing the collision, Grenz sustained serious and permanent injuries; has

been required, and will continue to require, extensive medical treatment; has incurred, and will

continue to incur in the future, medical expenses; has, and will continue in the future, to suffer

pain and physical and mental suffering; and has suffered lost income in the past and will

continue to suffer lost income in the future.  As a direct, proximate and legal result of the

negligent acts and omission of Defendant Harming, Grenz has incurred past medical expenses in

excess of $4,000 and damages in excess of $75,000.

## NEGLIGENCE PER SE

14.     Pursuant to Minnesota Statute 169.20 Subd. 3(b), the driver of a vehicle shall stop

in obedience to a stop sign at an intersection where a stop sign is erected at one or more

entrances and shall proceed cautiously, yielding to vehicles not so obliged to stop which are

within the intersection or approaching so closely as to constitute an immediate hazard.

15.     Defendant Harming operated his vehicle in violation of Minnesota Statute 169.20

Subd. 3(b) when he failed to properly stop at the stop sign controlling westbound traffic into the

intersection of US Highway 75 and County Road 9, and failed to yield to the vehicle operated by Grenz which was within the intersection or approaching so closely as to constitute an immediate hazard.

16.     Upon information and belief, Defendant Harming was charged with failing to yield in violation of Minnesota Statute 169.20 Sub. 3(b) and pled guilty to that charge.

17.     Defendant Harming's violation of Minnesota Statute 169.20 Subd. 3(b) constitutes negligence per se.

18.     Defendant Harming's negligence per se was a direct and proximate cause of the motor vehicle collision between Defendant Harming and Grenz.

19.     As a direct, proximate and legal result of the negligence per se of Defendant Harming in causing the collision, Grenz sustained serious and permanent injuries; has been required, and will continue to require, extensive medical treatment; has incurred, and will continue to incur in the future, medical bills; has, and will continue in the future, to suffer pain and physical and mental suffering; and has suffered lost income in the past and will continue to suffer lost income in the future.  As a direct, proximate and legal result of the negligence per se of Defendant Harming, Grenz has incurred past medical expenses in excess of $4,000 and damages in excess of $75,000.

20.     Pursuant to Minnesota Statute 65B.51 Subd. (3), Plaintiff has met one or more of the prerequisites necessary to recover damages for non-economic detriment.

## VICARIOUS LIABILITY

21.     At the time of the accident between Defendant Harming and Grenz, Defendant Harming was acting within the course and scope of his employment with Defendant Interstate Telecommunications Cooperative, Inc.

22.     Defendant Interstate Telecommunications Cooperative, Inc. is vicariously liable for the negligent acts of Defendant Harming which caused the collision between Defendant Harming and Grenz and the injuries suffered by Grenz as a direct and proximate result of the motor vehicle collision.

23.     As a result of the negligence of Defendant Harming, Defendant Harming and Defendant Interstate Telecommunications Cooperative, Inc. are liable to Grenz in an amount in excess of $75,000.

WHEREFORE, Grenz demands judgment against Defendant Harming and Defendant Interstate Telecommunications Cooperative, Inc. in an amount in excess of $75,000 plus interest and costs and such further and other relief as the Court deems just and equitable.

Dated at Sioux Falls, South Dakota, this __6__ day of December, 2018.

EVANS, HAIGH & HINTON, L.L.P.


_____

Mark W. Haigh
101 N. Main Avenue, Suite 213
PO Box 2790
Sioux Falls, SD 57101-2790
Telephone:  (605) 275-9599
Facsimile:  (605) 275-9602
E-mail:  mhaigh@ehhlawyers.com

Renee H. Christensen
Johnson & Christensen Law Office, P.C.
431 North Phillips Avenue, Suite 300
P. O. Box 2315
Sioux Falls, SD  57101-2315
Telephone:  (605) 335-1778
Facsimie:  (605) 335-0811
Email:  renee@siouxfallslaw.com

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable in this action.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ShayAnna Marie Grenz

**(b)** County of Residence of First Listed Plaintiff   Lincoln County, MN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark W. Haigh, Evans Haigh & Hinton, LLP, P. O. Box 2790,
Sioux Falls, SD  57101-2790
(605) 275-9599

## DEFENDANTS

Charles Donald Harming and Interstate Telecommunications Cooperative, Inc.

County of Residence of First Listed Defendant   Brookings County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Personal injury caused by motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  N/A                                      DOCKET NUMBER

DATE                          SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**     **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**     **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**     **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.